CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY SYLVESTER HARRIS, ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00454 |
| ) | Crim. No. 1:97-cr-00032 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Tony Sylvester Harris, a federal inmate proceeding pro se, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Harris seeks to vacate or set aside his 1998 conviction and sentence for mailing threatening communications and threatening by mail to burn property, in violation of 18 U.S.C. § 876 and §844(e). The court notified Harris that his § 2255 petition appeared to be untimely under § 2255, sixth unnumbered paragraph (¶6) and directed him to provide any additional argument and/or evidence that his petition should be deemed timely filed. Petitioner responded. Upon review of the record, however, the court, concludes that his § 2255 petition is untimely and accordingly, dismisses the motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

I.

Harris pled not guilty and was tried before a jury on February 9, 1998. The jury found Harris guilty on all four counts of the indictment. The court conducted a sentencing hearing on April 23, 1998, after which the court sentenced Harris to consecutive sentences of imprisonment, totaling 720 months. Harris did not appeal. In September 2004, Harris filed a motion for appointment of counsel

---

[1] Rule 4 authorizes the court to dismiss a § 2255 petition without requiring a response from the government if it is clear from the petition and the criminal record that petitioner is not entitled to relief under § 2255.

to assist him in filing a § 2255 motion and a motion for transcripts at government expense. By order entered October 7, 2004, the court denied the motion for transcripts upon finding that Harris had not demonstrated that the requested transcripts were necessary for adjudication of any nonfrivolous claim he might bring. The court also denied the motion for counsel. Harris signed and dated his § 2255 petition on or about July 11, 2005.

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to include a time limit for the filing of a motion under 28 U.S.C. § 2255, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§2255, ¶6. A petitioner must demonstrate either the timeliness of his petition pursuant to the statute or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court.

Under subsection (1), the period of limitation for a movant to file his motion under 28 U.S.C. § 2255 begins to run when the judgment of conviction became final, once the defendant exhausts, or foregoes, his opportunity to pursue direct appeal. See United States v. Clay, 123 S. Ct. 1072 (2003).

2

The court entered final judgment against Harris on April 23, 1998. His convictions became final ten (10) business days later, on May 7, 1998, when his opportunity to appeal expired. See Fed. R. App. Pro. 4(b)(1)(A). He had until May 7, 1999, to file a timely § 2255 petition. For the purposes of this opinion, the court will consider the date Harris signed his petition, July 11, 2005, as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989). Even so, the petition was clearly filed more than nearly six years from the date on which the convictions became final and is untimely under Subsection (1). Furthermore, upon review of the record and the petition, the court does find that Harris presents claims or other facts triggering calculation of his time limit under Subsections (2), (3) or (4).

Harris argues that the court should deem his petition timely for several reasons. First, he asserts that his court-appointed attorney at the 1998 trial and sentencing provided ineffective assistance of counsel by failing to file a timely §2255 petition on his behalf. Apparently, Harris believes counsel's omission constituted an unconstitutional impediment under Subsection (2) that prevented Harris from filing on time. This argument fails utterly. The record does not indicate that the court appointed counsel to assist Harris in filing a §2255 motion in 1998 or 1999, and the court specifically denied a motion for counsel in 2004.[2] Moreover, there is no constitutional right to the effective assistance of an attorney in post conviction proceedings. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003).

Harris next argues that the court's denial of his 2004 motion for appointment of counsel constituted an impediment under Subsection (2). As Harris had no constitutional right to counsel in

---

[2]The court has the discretion to appoint counsel in a §2255 action upon finding that "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B). Clearly, the interests of justice do not require appointment of counsel in an untimely filed habeas case.

3

this § 2255 action, id, the court's denial of his 2004 motion did not create an unconstitutional impediment to Harris' filing on time.

Third, Harris argues that his attorney failed to object when Harris was convicted of crimes for which he was not indicted. This alleged constitutional infirmity in Harris' criminal proceedings does not affect the calculation of the time limit for him to file his § 2255 petition.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330. The court cannot find that any of Harris's excuses for late filing warrant the invocation of equitable tolling principles. Accordingly, the court concludes that Harris' §2255 must be dismissed, pursuant to Rule 4(b), as untimely filed. .

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1).  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability

4

pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and to counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

/s/ James C. Turk
Senior United States District Judge